UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

DORIS MARRERO,

    Plaintiff

v.                                                             Civ. No. 97-1871 (PG)

CARIBE CLINICAL LABORATORIES INC, et al;

    Defendant

## OPINION & ORDER

As part of its responsibility for managing its docket, this Court has revisited the file of this case and notes the following chronology of events:

1. *July 5, 1997*: Plaintiff files her complaint. (Dkt. 1)
2. *July 6, 1997*: Summons issued as to all Defendants/
3. *August 19, 1997*: Automatic stay issues as a result of the filing for bankruptcy by Caribbean Clinical Laboratories, Inc.
4. *September 13, 1997*: This Court grants a motion to stay proceedings but only as to Defendant Caribbean Clinical Laboratories, Inc.
5. *October 17, 1997*: Co-Defendants Ruben Chevere and Manuel Gutierrez request an enlargement of time to file responsive pleading or otherwise plead
6. *November 5, 1997*: The Clerk of Court erroneously grants plaintiffs motion and enters default of Defendants.
7. *November 6, 1998*: Co-defendants submit a motion to dismiss.
8. *November 20, 1997*: The Court grants co-defendants motion to set aside entry of default.
9. *March 9, 1998*: The Court grants co-defendant's motion to dismiss with respect to plaintiff's claims against Ruben Chevere, Manuel Gutierrez and Carlos Gutierrez.
10. *March 10, 1998*: The Court enters partial judgment dismissing the case as to Ruben Chevere, Manuel Gutierrez and Carlos Gutierrez.
11. *September 10, 1999*: The Court enters an order to show cause why the case should not be dismissed for lack of prosecution.
12. *September 23, 1999*: Plaintiff answers motion to show cause stating that proceedings had been stayed to bankruptcy filing.
13. *December 13, 2000*: Status conference held in chambers. Plaintiff was not present. The Court was informed that bankruptcy case filed by defendant Caribbean Clinical Laboratories was closed on September 28, 2000. The Court entered an additional order to show cause why case should not be dismissed for lack of prosecution.

AO 72A
(Rev. 8/82)

Civ. No. 97-1871 (PG)     2.

14. *December 22, 2000*: Plaintiff answers order to show cause informing that he had no knowledge of the dismissal of bankruptcy case.
15. *January 19, 2001*: The Court enters an Order accepting Plaintiff's answer to order to show cause and ordering Defendant to answer of otherwise plead.
16. *February 8, 2001*: Plaintiff's attorney requests withdrawal as counsel for the plaintiff. Counsel requested that plaintiff be given 30 days to announce new legal representation.
17. *February 23, 2001*: The Court grants the motion to withdraw as counsel for plaintiff.
18. *April 19, 2001*: The Court enters a third order to show cause why case should not be dismissed for lack of prosecution. Plaintiff was granted ten days to show cause why the case should not be dismissed.

## DISCUSSION

Plaintiffs has failed to adequately prosecute their case as required by FED. R. CIV. P. 41(b). It is the plaintiff's responsibility to develop and prosecute her own case. In this case more than two months have transpired since the entry of an order to show cause on April 19, 2001. Plaintiff has not responded in any way to the Court's order. She has failed to notify the Court as to why she has not acquired new counsel or why she has failed to prosecute her case.

This Court has the responsibility "to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Therefore, pursuant to this "court['s] . . . unquestionable authority to dismiss a case with prejudice for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of defendant," *Jardines Ltd. Partnership v. Executive Homesearch Realty Serv. Inc.*, 178 F.R.D. 365 (D.P.R. 1998); *see also Zavala-Santiago v. González-Rivera*, 553 F.2d 710 (1st Cir. 1977), the Court **DISMISSES** the above captioned matter **WITH PREJUDICE**. This Court's docket is congested enough and there is no place for plaintiffs who sit back and waste the Court's valuable time.

**WHEREFORE**, the above captioned case is hereby **DISMISSED with prejudice** due to Plaintiff's lack of prosecution.

**IT IS SO ORDERED.**

AO 72A
(Rev. 8/82)

Civ. No. 97-1871 (PG)                                                                                      3.

San Juan, Puerto Rico, June _19_, 2001.

*[signature]*
JUAN M. PEREZ-GIMENEZ
U. S. District Judge